**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAMIAN DEL TORO GAINZA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-722-D |
| | ) | |
| TODD BLANCHE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Damian Del Toro Gainza filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Cuba who entered the United States in 2023. *Id.* at p. 2; [Doc. No. 12, at p. 1]. Petitioner was detained on September 27, 2025, and has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since that time. [Doc. No. 1, at p. 1]. His removal proceedings are ongoing. He is currently housed at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.*

Petitioner is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner contends that § 1225(b)(2)(A) does not apply to him because he is not an arriving alien, as he was residing in the interior of the United States when he was detained, and is not "seeking admission" within the meaning of § 1225(b)(2)(A). [Doc. No. 1, at p. 2], [Doc. No. 11, at p. 2]. Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a), in which he requests that

1

Respondents bear the burden of demonstrating by clear and convincing evidence that his continued detention is necessary. [Doc. No. 1, at p. 4].

The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 5]. Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 8], and Petitioner filed a reply [Doc. No. 11].

On June 10, 2026, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 12]. Respondents filed a timely Objection to the Report. [Doc. No. 13]. Thus, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3).

Respondents assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond

determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

As Respondents acknowledge, this Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an "applicant for admission" also be "seeking admission" for the section to control.[1] *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025). Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

In this case, because Petitioner has been residing in the United States for many years and was present in the country when he was detained, Petitioner does not fall into the

---

[1] On this issue, the Court finds persuasive the analysis provided by the Second Circuit in *Cunha v. Freden*, 175 F.4th 61 (2d. Cir. 2026) and by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at \*5; *Malacidze*, 2026 WL 227155, at \*3. Accordingly, § 1226(a) controls Petitioner's detention, and he is therefore entitled to a bond hearing.[2] *See Hernandez*, 2025 WL 2996643, at \*3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 12] is **ADOPTED in part**,[3] and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 25th day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

[3] At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at \*2 (W.D. Okla. Apr. 16, 2026) (finding a burden shift premature where "no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework"); *see also Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at \*1 n.2 (W.D. Okla. Apr. 30, 2026) (same); *Gutierrez v. Garcia*, No. 2:25-CV-001145-WJ-KRS, 2026 WL 310064, at \*6 n.3 (D.N.M. Feb. 5, 2026) ("In the absence of a statutory mandate or binding precedent requiring burden shifting, the Court declines to specify or alter the burden of proof at this stage.").